# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FALANDORS L. BURRIS, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) Case No. CIV-19-1174-SLP ) |
| MHM SUPPORT SERVICES d/b/a MERCY HOSPITAL OKLAHOMA CITY, INC., | ) ) ) ) |
| Defendant. | ) ) |

## **O R D E R**

Before the Court is Defendant Mercy Hospital Oklahoma City, Inc.'s Partial Motion for Judgment on the Pleadings and Brief in Support [Doc. No. 15]. Plaintiff has responded [Doc. No. 16] and Defendant has replied [Doc. No. 19].[1] The matter, therefore, is fully briefed and ready for determination.

**I.     Introduction**

Plaintiff, Falandors L. Burris (Burris), brings this action alleging employment discrimination based on race and gender, or a combination of the two, in violation of Title VII of the Civil Rights Act, 42 U.S.C. §§2000e et. Seq (Title VII) and 42 U.S.C. § 1981. Burris claims Defendant MHM Support Services, d/b/a Mercy Hospital Oklahoma City, Inc. (Mercy Hospital) wrongfully terminated him on or about November 27, 2018.

---

[1] Citations to the parties' submissions reference the Court's ECF pagination.

Mercy Hospital moves for partial judgment on the pleadings with respect to Burris's Title VII claims for race and gender discrimination.[2] Mercy Hospital contends: (1) Burris did not file suit within 90 days of receiving his Dismissal and Notice of Rights (right-to-sue notice) from the Equal Employment Opportunity Commission (EEOC); and (2) Burris fails to allege facts sufficient to state a plausible claim of reverse gender discrimination.

## II.     Governing Standard

Rule 12(c) of the Federal Rules of Civil Procedure governs Mercy Hospital's Motion. Rule 12(c) provides that a party may move for judgment on the pleadings "[a]fter pleadings are closed – but early enough not to delay trial." Fed. R. Civ. P. 12(c).

"A motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6)." *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000). The Court applies the same standards under either rule. *Brown v. Montoya*, 662 F.3d 1152, 1160 n. 4 (10th Cir. 2011). The Court accepts as true the complaint's well-pleaded factual allegations and views them in the light most favorable to the plaintiff. *Schrock v. Wyeth Inc.*, 727 F.3d 1273, 1280 (10th Cir. 2013). The Court may consider documents attached to the complaint or referenced in the complaint if they are central to the claims and the parties do not dispute the documents' authenticity. *Brokers' Choice of Am. v. NBC Universal, Inc.*, 861 F.3d 1081, 1103 (10th Cir. 2017).

"That they share governing standards does not mean that Rule 12(c) motions are the same as Rule 12(b) motions." *Krontz v. CNG Logistics, LLC*, No. 19-4081-SAC, 2020 WL

---

[2] Burris's § 1981 claim is not the subject of Mercy Hospital's Rule 12(c) Motion and is not affected by Mercy Hospital's argument concerning the timeliness of his Title VII claims.

224525 (D. Kan. Jan. 15, 2020). "A motion proceeding under Rule 12(c) occurs only after the pleadings are closed and is designed to provide a means of disposing of cases when the material facts are not in dispute and a judgment on the merits can be achieved by focusing on the content of the pleadings and any facts of which the court will take judicial notice." *Id*. (internal quotation marks and citations omitted).

### III.  Factual Allegations of the Amended Complaint

Burris is an African American male who was employed by Mercy Hospital from approximately April 2008 through November 2018 when Mercy Hospital terminated his employment. Am. Compl. [Doc. No. 3], ¶ 5. At the time of his termination, Burris's job was "patient transporter / orthopaedic [sic] tech." *Id*. Mercy Hospital terminated Burris due to alleged sexual harassment of a white female CNA. *Id*., ¶ 7.

Burris filed a charge of discrimination with the EEOC on or about December 28, 2018. *Id*., ¶ 15. The EEOC issued the right-to-sue notice on or about May 1, 2019. However, the EEOC's notice was not actually received by Plaintiff or his counsel until December 12, 2019. *Id*.

Plaintiff filed this action on December 20, 2019. Compl. [Doc. No. 1]. Plaintiff's action was filed within 90 days of his alleged actual receipt of the EEOC's notice.

### IV.  Discussion

#### A.  Timeliness of Burris's Title VII Claims

An employee must file a charge of discrimination with the EEOC prior to bringing a lawsuit in federal court. The filing of the administrative charge triggers the EEOC's investigatory duties. *See* 42 U.S.C. § 2000e-5(b). The employee may then bring a lawsuit

"either after the EEOC has dismissed the charge or after 180 days if [the] EEOC has not yet filed a civil action or entered into a conciliation agreement." *Walker v. UPS, Inc.*, 240 F.3d 1268, 1271 (10th Cir. 2001).

Once the EEOC issues a right-to-sue notice, a Title VII plaintiff has 90 days within which to file a lawsuit. 42 U.S.C. § 2000e-5(f)(1); *Brown v. Unified Sch. Dist. 501, Topeka Pub. Schs.*, 465 F.3d 1184, 1185 (10th Cir. 2006).[3] "The 90-day period for filing suit generally commences on the date that the complainant *actually receives* the EEOC right to sue notice." *Biester v. Midwest Health Servs., Inc.*, 77 F.3d 1264, 1267 (10th Cir. 1996) (emphasis added). "[A] rebuttable presumption of receipt . . . arise[s] on evidence that a properly addressed piece of mail is placed in the care of the postal service." *Witt v. Roadway Exp.*, 136 F.3d 1424, 1429-30 (10th Cir. 1998)). "Receipt by mail is presumed after three days." *Goldsby v. James*, 580 F. App'x 685, 687 (10th Cir. 2014) (citing Fed. R. Civ. P. 6(d); *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 148 n. 1 (1984)); *see also Lozano v. Ashcroft*, 258 F.3d 1160, 1165 (10th Cir. 2001) (sanctioning presumption but declining to decide whether presumption should be three or five days).

---

[3] Title VII provides in pertinent part:

> If a charge filed with the Commission . . . is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge . . . the Commission has not filed a civil action under this section . . . or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission . . . shall so notify the person aggrieved and within ninety days after giving such notice a civil action may be brought. . . .

42 U.S.C. § 2000e-5(f)(1).

As set forth, Burris alleges he did not actually receive the EEOC's right-to-sue notice until December 12, 2019, approximately seven months after it was issued. For purposes of Mercy Hospital's Motion, the Court must accept that allegation as true. *See, e.g.*, *Kaufman v. Columbia Memorial Hosp.*, No. 1:11-CV-667 -MAD/DRH, 2011 WL 5007988 at *2 (N.D. N.Y. Oct. 20, 2011) ("When the complaint alleges a late date of receipt, or non-receipt, for purposes of a 12(b)(6) motion, a court must accept the allegations as true, and deny defendant's motion to dismiss for untimeliness.").

Mercy Hospital disputes Burris's allegation and argues the right-to-sue notice was presumptively received on or about May 5, 2019. *See Panicker v. Compass Group U.S.A. Inc.*, 712 F. App'x 784, 786 (10th Cir. 2017) (presumption arises when the receipt date of an EEOC right-to-sue notice is unknown or disputed). Mercy Hospital argues that applying this presumption, the action must be dismissed. In support, Mercy Hospital cites *Salgado v. Sun Loan, Inc.*, No. CIV-12-187-D, 2012 WL 1941579 (W.D. Okla. May 29, 2012). *See* Def.'s Mot. at 8-9.

The facts in *Salgado*, however, are distinguishable. In that case, the complaint alleged *only* the mailing date of the EEOC's right-to-sue notice. The court applied the presumption of receipt (noting whether that presumption was three or five days did not alter the outcome) and deemed the action untimely filed. *Id*. at *2 In reaching this conclusion, the court expressly stated that the plaintiff "ha[d] not alleged any basis to overcome the presumption of timely receipt of the EEOC notice[.]" *Id*. Here, conversely, the Amended Complaint alleges that notwithstanding the mailing date of the EEOC's right-to-sue notice, Plaintiff did not receive that notice until several months later. Mercy

Hospital's argument ignores the import of this additional allegation, which the Court must accept as true for purposes of a Rule 12(c) motion.[4]

Mercy Hospital further relies on matters outside the pleadings to establish an alternative date on which Burris presumptively received the EEOC's right-to sue notice, i.e., the date the EEOC uploaded the right-to-sue notice to its online portal.[5]  Mercy Hospital points to a letter from EEOC Director Holly Waldron Cole to Plaintiff's attorney, Mark Hammons, dated December 16, 2019.  *See* Letter [Doc. No. 15-1].  The Letter is a response to a request by Burris's counsel, dated December 12, 2019, that the EEOC reopen Burris's charge of discrimination.  The EEOC denied the request for the following reasons:

> Your request states that your office did not receive a copy of the Dismissal and Notice of Rights issued on May 1, 2019.  Our records show that on May 1, 2019 we sent the dismissal and Notice of Rights by regular mail to the Charging Party, to you, and to the Respondent's representative (see enclosed).  None were returned as undeliverable.  *Further, on May 2, 2019, we uploaded the dismissal into the EEOC's online portal where it was accessible to you and Respondent's counsel.*  Regardless, because the 90-day time period for filing a lawsuit has expired, we do not have the authority to revoke the dismissal or reissue it.  The 90-day time period for filing a lawsuit cannot be waived, extended, or restored by the EEOC.

*Id.* (emphasis added).  Mercy Hospital argues the Letter indisputably establishes Plaintiff received the right-to-sue notice, at the latest, on May 2, 2019 when the EEOC uploaded it to the online portal.  The Court, however cannot consider the Letter on a Rule 12(c) Motion.

---

[4] Disregarding the Rule 12(c) standard, Mercy Hospital characterizes the allegation as an "unsworn statement."  Def.'s Mot. at 9.

[5] The EEOC launched the online portal system nationwide on November 1, 2017.  *See* https://www.eeoc.gov-public-portal.

Mercy Hospital has not expressly asked the Court to convert its Motion to a motion for summary judgment under Rule 56. *See* Fed. R. Civ. P. 12(d) (if, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56). In its Reply, however, Mercy Hospital relies heavily upon the fact that Plaintiff does not rebut the statement in the Letter that the right-to-sue notice was uploaded to the EEOC's online portal on May 2, 2019. *See* Reply at 6. Indeed, both sides attach matters outside the pleadings in their briefing submissions. Mercy Hospital relies upon the EEOC Letter. And, Burris attaches to his Response several affidavits including: (1) his own affidavit; (2) the affidavit of his attorney, Mark Hammons; and (3) affidavits of members of his attorney's staff. Most of these affidavits include a statement that the attorney's office did not receive a right to sue "via mail." *See, e.g.*, Hammons Affidavit [Doc. No. 16-2], ¶ 3.[6]

Nonetheless, at this time, the Court declines to consider the additional evidence and convert the Motion into a motion for summary judgment. The affidavits attached to Burris's Response, if considered, would create an issue of fact as to the timeliness of Burris's Title VII claims. *See, e.g., Witt*, 136 F.3d at 1430 ("[E]vidence denying receipt creates a credibility issue that must be resolved by the trier of fact.").

---

[6] According to these affidavits, no right-to-sue notice was ever received via mail. Instead, Mr. Hammons' legal assistant received such notice "on or about December 12, 2019, via email from EEOC Investigator Support Assistance after inquiring about a status update on the case." *See* Affidavit of Amber Ashby [Doc. No. 16-3], ¶ 3. No explanation is offered for the rather lengthy delay accompanying the status-update inquiry.

Furthermore, the timeliness of Burris's Title VII claims may ultimately center upon a novel issue: whether uploading the right-to-sue notice to the EEOC's online portal is sufficient as a matter of law to constitute actual receipt and commence the running of the 90-day period. As set forth, that issue, as currently presented, cannot be resolved under Rule 12(c) because it requires consideration of the Letter (predominantly) and other matters outside the pleadings to determine the date of Burris's actual or constructive receipt of the right-to-sue notice.[7] And the Court finds further development of the factual and legal record is needed for a proper determination of this novel issue.[8] The Court, therefore,

---

[7] Burris argues that even if the Court were to convert Mercy Hospital's Motion, the Court still may not consider the Letter due to its hearsay nature. *See* Pl.'s Resp. at 3 and n. 1. Because the Court declines to convert the Motion, the Court deems it unnecessary to address the admissibility of the Letter.

[8] For instance, both parties, in passing, take opposing positions as to whether Burris's use of the online portal imposed a duty upon Burris to check the status of his charge. Burris argues imposition of such a duty is improper particularly where, as here, the EEOC issues an "early" right-to-sue notice, before the "allotted 180[-day] investigatory period ha[s] expired." Pl.'s Resp. at 7. Mercy Hospital replies, in conclusory fashion, that Burris had such a duty, but does not develop its argument. *See* Def.'s Reply at 5. Neither party addresses the scope of any such duty or the legal import, if any, of the EEOC's issuance of an "early" right-to-sue notice.

Mercy Hospital further acknowledges its inability to locate any federal case law addressing uploading of a right-to-sue notice to the online portal as "'receipt,' presumably because the use of the online portal is relatively new." Def.'s Mot. at 5, n. 1. And neither party points to any regulatory or other guidance from the EEOC explaining the use of the online portal and its effect on the "actual receipt" requirements of the right-to-sue notice. In this regard, the Court notes that the EEOC has published an eight-volume Public Portal User's Guide (Guide), available on the EEOC's website. The Guide provides several examples of instances in which email notifications are provided to claimants and/or respondents with respect to actions taken on a charge. Neither party, however, has referenced the Guide in their respective briefing submissions.

Furthermore, each party cites a different Tenth Circuit case in support of their respective positions. Mercy Hospital relies on *Million v. Frank*, 47 F.3d 385 (10th Cir. 1995), where the court sanctioned constructive notice of the right-to-sue notice as triggering the 90-day period. In that case, the right-to-sue notice was received by the plaintiff's wife but the plaintiff argued he did not have notice until he actually looked at his mail several days later. The court rejected the argument and held that receipt at a plaintiff's address of the right-to-sue notice constitutes receipt sufficient to start the running of the time period for filing a discrimination action." *Id*. at 388.

denies Mercy Hospital's Motion without prejudice to reurging the issue at a later stage in these proceedings, including a properly filed summary judgment motion pursuant to Fed. R. Civ. P. 56.

### B. Sufficiency of Burris's Allegations of Reverse Gender Discrimination

Burris alleges that he was discriminated against in violation of Title VII "based on race, gender or a combination of the two." Am. Compl., ¶ 13. Mercy Hospital characterizes Burris's gender discrimination claim as a reverse discrimination claim, relying on *Notari v. Denver Water Dep't.*, 971 F.2d 585, 589 (10th Cir. 1992), and seeks dismissal of the claim on grounds Burris has not alleged sufficient facts to state a plausible claim for relief.

To establish a prima facie case of racial discrimination, a plaintiff must show that: (1) he "belongs to a protected class"; (2) he "suffered an adverse employment action"; and (3) "the challenged action took place under circumstances giving rise to an inference of discrimination." *EEOC v. PVNF, L.L.C.*, 487 F.3d 790, 800 (10th Cir. 2007). However, because Burris is male, i.e., "a member of a favored group," Mercy Hospital argues the prima facie case governing his claim is "modified." *See* Def.'s Mot. at 10.

---

Conversely, Burris relies on *Jackson v. Continental Cargo-Denver*, 183 F.3d 1186 (10th Cir. 1999). In *Jackson*, the plaintiff received a form in the mail indicating that he had a certified letter awaiting delivery. The plaintiff was away from home and did not check his mail for over two weeks. The court held that the form did not constitute sufficient notice and that the plaintiff did not receive notice of his right to sue for purposes of triggering the 90-day limitation period until he actually received his right-to-sue notice. *Id*. at 1189. Whether this Court would conclude that *Million* or *Jackson* was the more factually analogous and persuasive authority governing the issue of receipt of the right-to-sue notice via the EEOC's online portal is dependent on a more fully developed factual and legal record.

9

"[T]he presumptions in [a] Title VII analysis that are valid when a plaintiff belongs to a disfavored group are not necessarily justified when the plaintiff is a member of an historically favored group." *Notari*, 971 F.2d at 589 (citation omitted). Thus, a plaintiff seeking to prove reverse discrimination "must, in lieu of showing that he belongs to a protected group, establish background circumstances that support an inference that the defendant is one of those unusual employers who discriminates against the majority." *Id*. at 589. A plaintiff cannot rely solely on the fact that the decisionmaker was a member of the minority group. But background circumstances may be shown by statistical evidence that the plaintiff's position or department was dominated by a minority group. *Bowdish v. Federal Express Corp.*, 699 F. Supp.2d 1306, 1316 (W.D. Okla. 2010).

Alternatively, a plaintiff can establish a prima facie case by producing facts that support "a reasonable inference that but for the plaintiff's status the challenged decision would not have occurred." *Id.* at 590 (addressing alternative approach and noting that it "does not displace the *McDonnell Douglas* paradigm but simply provides an alternative basis upon which plaintiffs may satisfy their prima facie burden").

As Mercy Hospital acknowledges, a plaintiff is not required to plead the elements of a prima facie in the complaint. *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). Nonetheless, the elements of a cause of action "help to determine whether Plaintiff has set forth a plausible claim." *Id*.

10

Mercy Hospital argues the Amended Complaint fails to allege a plausible claim for reverse gender discrimination pointing to the only factual allegations of the Amended Complaint addressed to this claim:

- Accepting the uncorroborated claim of a white female over the word of a black male, and terminating the black male on that basis reflects a racial and gender bias resulting in discrimination against the Plaintiff as a black male (Am. Compl., ¶ 9); and

- Plaintiff's termination was the result of discrimination against the Plaintiff based on his race, or his gender or the combination of his race and gender. (Am. Compl., ¶ 10).

Def.'s Mot. at 11-12.

In response, Burris "recogniz[es] that this Court must follow *Notari*," but "preserve[s] his position that the Tenth Circuit's scheme is inconsistent with Supreme Court precedent and that of a number of other circuits." Pl.'s Resp. at 8-9 (citations omitted). Burris reiterates that at the pleading stage he is not required to establish a prima facie case. And, Burris argues he has alleged some evidence to satisfy *Notari*, relying on the factual allegations of paragraph 9 of the Amended Complaint, supra.

Upon review, the Court finds Burris's allegations are insufficient to state a plausible claim of reverse gender discrimination. The Amended Complaint alleges no facts to show Mercy Hospital is one of those "unusual employers" who discriminates against the majority, nor does Burris allege facts showing but for his status as a male he would not have been terminated. Otherwise, Burris's allegations are too conclusory to support a plausible claim of reverse gender discrimination.

Burris seeks leave to amend to correct the pleadings deficiencies of his reverse discrimination claim. Burris argues "although not pled, the HR person who investigated the allegations was a female." Pl.'s Resp. at 11. Burris does not identify additional facts that might support a reverse discrimination claim. Although Mercy Hospital filed a Reply, it left unaddressed Burris's request for leave to amend.

Burris's request for leave to amend fails to comply with the Court's local rules. *See* LCvR 7.1(c) and 15.1. Thus, the Court declines to consider whether leave to amend should be granted, but without prejudice to Burris submitting a properly filed motion for leave to amend.[9]

## V. Conclusion

IT IS THEREFORE ORDERED that Defendant Mercy Hospital Oklahoma City, Inc.'s Partial Motion for Judgment on the Pleadings and Brief in Support [Doc. No. 15] is DENIED in part and GRANTED in part. Defendant's Rule 12(c) Motion is DENIED with respect to the issue of the timeliness of Plaintiff's Title VII claims. Defendant's Rule 12(c) Motion is GRANTED in so far as Plaintiff's Title VII reverse discrimination claim is dismissed, subject to Plaintiff filing, within fourteen days of the date of this Order, a motion seeking leave to amend to cure the pleading deficiencies.

---

[9] *See, e.g., Krontz,* 2020 WL 224525 at *3 (finding that "because the defendant's Rule 12(c) motion attacks a pleading deficiency, the court w[ould] employ the routine followed with 12(b)(6) motions and grant the plaintiff an opportunity to seek leave for amending his complaint to allege additional details to cure the pleading deficiencies"). That the Court is permitting Burris to file a motion requesting such relief should not be construed as any indication of how the Court may ultimately rule on such a motion. Further, the deadline for amending pleadings has passed, *see* Scheduling Order [Doc. No. 18], and, therefore, any such motion must be accompanied by a showing of good cause. *See* Fed. R. Civ. P. 16(b)(4).

IT IS SO ORDERED this 27th day of May, 2020.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE